UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
ALAA TANTAWY, et al.,                                                   :
:
                      Plaintiffs,        :     14-CV-9265 (JMF)
:
        -v-                                                            :     ORDER
:
CREATIVE FOOD GROUP HD, LLC, et al.,                                    :
:
                      Defendants.        :
:
------------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06/08/2015

JESSE M. FURMAN, United States District Judge:

       By letter motion filed June 8, 2015 (Docket No. 30), the Court has been advised that four of the plaintiffs in this action — Luis Carvajal, Noel Flores, Carolina Meres and Nicolas Peralta — brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, have reached a settlement.  Under the FLSA, an employer who violates the requirement that overtime wages be paid must pay both the unpaid overtime compensation and an additional equal amount as liquidated damages.  *See id.* § 216(b).  In the event a settlement is for less than this amount, this Court has held, the settlement — including any proposed attorney's fee award — must be scrutinized by the Court to ensure that it is fair.  *See, e.g.*, *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012) (identifying factors a court may consider in evaluating the fairness and reasonableness of a proposed FLSA settlement and the reasonableness of a proposed attorney's fee award).  *But see Picerni v. Bilingual Seit & Preschool Inc.*, 925 F. Supp. 2d 368, 368-69 (E.D.N.Y. 2013) (holding that settlements of FLSA claims need not be approved by the Court).

Accordingly, it is hereby ORDERED that, within **30 days** of the date of this Order, Defendants and the four settling Plaintiffs must submit the settlement agreement to the court along with a joint letter explaining the basis for the proposed settlement and why it should be approved as fair and reasonable, with reference to the factors discussed in *Wolinsky*. *See Wolinsky*, 900 F. Supp. 2d at 335-36. The letter should also address, if applicable, any incentive payments to the plaintiffs and any attorney's fee award to plaintiff's counsel (with documentation to support the latter, if appropriate).

The parties are advised that the Court will not approve any settlement agreement containing a confidentiality provision, unless the parties can show that there are reasons, specific to the case, sufficient to overcome the common law right of access to judicial documents. *See id.* at 337-41 (explaining the common law right of public access as it relates to settlement agreements in FLSA cases); *see also Sanz v. Johny Utah 51 LLC*, No. 14-CV-4380 (JMF), 2015 WL 1808935, at *2 (S.D.N.Y. Apr. 20, 2015). In the event that the settlement agreement does contain a confidentiality provision, the parties' joint letter should also indicate whether the parties (1) would adhere to the settlement in the event the Court is prepared to approve all but the confidentiality provision (in which case, the Court would, absent good cause, docket both the parties' joint letter and the settlement agreement itself—notwithstanding the confidentiality provision) or (2) would abandon the settlement and continue to litigate this action in the event the Court does not approve the confidentiality provision.

Alternatively, by the same date, the parties may file a motion seeking an order that the parties' settlement need not be approved by the Court. *See Picerni*, 925 F. Supp. 2d at 368-69.

SO ORDERED.

Dated: June 8, 2015
New York, New York

_____
JESSE M. FURMAN
United States District Judge